UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZIENA O. FARIS, | ) | CASE NO. 5:15-cv-575 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J.C. PENNEY CORPORATION, INC., et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

On September 8, 2015, plaintiff unilaterally filed a Notice of Dismissal (Doc. No. 18) purporting to dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Defendant J.C. Penney[1] filed its opposition, arguing that the notice was improper because J.C. Penney has already filed its answer, and further requesting that any dismissal be with prejudice for failure to prosecute. (Doc. No. 19.) At the Court's direction, plaintiff filed a reply (Doc. No. 21), withdrawing her admittedly out-of-rule notice of dismissal, and moving for either dismissal without prejudice or, in the alternative, for an extension of the case management deadlines to permit time to obtain medical records relating to treatment allegedly obtained by plaintiff in the Kingdom of Jordan, where her family lives.[2] J.C. Penney opposed either form of the relief sought by plaintiff. (Doc. No. 22.)

There is now no dispute that Rule 41 does not permit plaintiff to unilaterally dismiss her complaint. The questions now before this Court are whether the case should proceed

---

[1] J.C. Penney is the sole defendant. Jane Doe and John Doe defendants named in the complaint have never been identified or served.

[2] Plaintiff herself is a United States citizen who currently lives in Akron, Ohio, with her husband and children. (Doc. No. 1 ["Compl."] ¶¶ 8-9.)

with an extended Case Management Plan, or should be dismissed, and, if so, whether the dismissal should be with or without prejudice.

## DISCUSSION

Plaintiff initiated this action on February 20, 2015 by filing her complaint in the Summit County Court of Common Pleas, asserting claims of malicious prosecution; false arrest and false imprisonment; libel; defamation; slander; intentional infliction of emotional distress; violation of constitutional and civil rights; and civil liability for criminal conduct.[3] Defendant timely removed the action to this Court on March 24, 2015, and subsequently filed its answer on April 21, 2015.

On June 4, 2015, the Court conducted the Case Management Conference. On the same day, it issued the Case Management Plan and Trial Order (Doc. No. 14), setting various deadlines, including a non-expert discovery deadline of October 5, 2015 and a dispositive motion deadline of October 30, 2015.

On July 10, 2015, defendant served its first request for written discovery, including interrogatories, request for production of documents, and request for admissions, with a response date of August 10, 2015. (*See* Doc. No. 15.) At the same time, defendant requested dates for plaintiff's deposition in mid-August. Plaintiff failed to timely respond to the discovery

---

[3] All of plaintiff's claims are based upon an incident that occurred on February 20, 2014 while she was shopping with her children and another relative in the J.C. Penney store at Chapel Hill Mall in Akron, Ohio. (Compl. ¶ 10.) Plaintiff, who wears a hijab indicating her Muslim faith, alleges she saw a pair of shoes on a clearance rack that she thought would fit one of her children. (*Id.* ¶¶ 12-13.) While she was looking at the shoes, a strange man came in close proximity, making her feel uncomfortable. She moved away from him towards the store entrance, but he followed. (*Id.* ¶¶ 15-16.) Shortly thereafter, the man identified himself as store security and asked her to come with him. (*Id.* ¶ 21.) Despite her questioning the reason, she was taken to a back room, where she was detained and not permitted to phone her husband, while the security officer and a female employee began rummaging through her bags and ordering her to supply receipts. She complied. (*Id.* ¶¶ 22-31.) She also alleges that she was forced to sign a notice indicating that she was banned from the entire mall for a period of one year. (*Id.* ¶¶ 38-39.) She was eventually charged with theft, but the charges were dismissed when J.C. Penney failed to appear for the relevant court proceedings in Akron Municipal Court. (*Id.* ¶¶ 40-48.)

and, at her counsel's request made on August 11, 2015, defendant's counsel agreed to extend the response date to August 31, 2015. (Doc. No. 19 at 115.)[4] No responses were ever supplied and, on September 4, 2015, defendant's counsel inquired by way of an email to plaintiff's counsel as to the status of the responses. (*See* Doc. No. 19-1.) To date, there has been no response from plaintiff.[5] Instead, on September 8, 2015, plaintiff filed the ineffective notice of dismissal.

Defendant now argues that plaintiff's request to dismiss without prejudice or, alternatively, to extend the case management deadlines, should be denied due to plaintiff's complete failure to prosecute. Defendant asserts that it "has been forced to waste time, money and effort in defense of Plaintiff's numerous factually and legally deficient claims while Plaintiff has not provided any evidence in support [of] these claims." (Doc. No. 19 at 117-18.) Defendant further argues that plaintiff's "excuse [relating to the need to obtain medical records from Jordan] has never been raised before the Court prior to this point." (Doc. No. 22 at 125.) In addition, defendant notes that this excuse does not explain plaintiff's failure to respond to defendant's discovery requests relating to liability, in particular, its request for an explanation for the acknowledgement of theft that plaintiff signed on February 20, 2014.[6] As correctly argued by defendant, any medical records would "have no bearing on J.C. Penney's liability as set forth in Plaintiff's Complaint and for which the Plaintiff has the burden of proof." (*Id.* at 126.)

Fed. R. Civ. P. 41(b) permits involuntary dismissal of a complaint with prejudice for failure "to prosecute or to comply with these rules or a court order[.]" Dismissal under Rule 41(b) must take into consideration four factors: "(1) whether the party's failure to cooperate is

---

[4] All page number references are to the page identification number generated by the Court's electronic docketing system.

[5] Hearing nothing from plaintiff regarding possible deposition dates, on August 27, 2015 defendant filed a notice to take plaintiff's videotape deposition on September 16, 2015. (*See* Doc. No. 17.)

[6] This "Acknowledgement" [sic] is attached to the answer. (*See* Doc. No. 7-1.)

3

due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned in advance about the possibility of dismissal for noncompliance or non-cooperation; and (4) whether less drastic sanctions were imposed or contemplated before the order of dismissal." *Prime Finish, LLC v. ITW Deltar IPAC*, 608 F. App'x 310, 314 (6th Cir. 2015) (citation omitted). "Prior decisions of [the Sixth Circuit] have often treated the first factor as the most important consideration[.]" *Id.* Typically, "a dismissal with prejudice under Rule 41(b) is warranted only when a clear record of delay or contumacious conduct by the plaintiff exists … and a lesser sanction would not better serve the interest of justice." *Pope v. Memphis Police Dept.*, No. 84-5512, 1985 WL 13229, at * 1 (6th Cir. April 4, 1985) (quotation marks and internal citations omitted; alteration in original).

Here, although plaintiff has not been diligent, and although the reason supplied for her failure to prosecute is not compelling (i.e., the need to obtain and translate medical records from a foreign country – especially since such records would not support plaintiff's burden with respect to liability), given that this case has been pending for only about eight months, defendant has not been, and will not be, unduly prejudiced by dismissal.

The Court is of the view that plaintiff should be permitted to voluntarily dismiss her case without prejudice under Rule 41(a)(2), which permits "dismiss[al] at plaintiff's request only by court order, *on terms that the court considers proper*." (emphasis added). The proper terms are that, should the case be refiled, plaintiff shall pay the reasonable attorney fees incurred with respect to the unanswered discovery served in this proceeding.

In view of the above, the status conference currently set for October 16, 2015 is canceled and all other case management deadlines are vacated.

**IT IS SO ORDERED**.

Dated: October 15, 2015

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**